Buford, J.
 

 In this case alternative writ of mandamus was issued requiring the Clerk of the Circuit Court of Martin County to show cause why he should not be required to pay a certain outstanding county warrant issued by the Board of Commissioners of Martin County. The warrant involved, amongst other things, contained the following language:
 

 “THIS IS TO CERTIFY that the County of Martin, in the State of Florida, is justly indebted to Bert D. Keck, Contractor, of-, in the sum of TWELVE HUNDRED DOLLARS, which said county in pursuance of the contract, has agreed and promised to pay said contractor on the 1st day of April, A. D. 1930, as hereinafter stated, and the Clerk of said County is hereby authorized and directed to pay to the said BERT D. KECK, and his heirs and assigns, the sum of TWELVE HUNDRED DOLLARS, in full settlement of the sum hereby evidenced, out of the special County Courthouse and Jail Fund levied for that purpose upon the presentation and surrender of this warrant, at the office of the County Clerk, at Stuart, Florida.”
 

 The return of the Clerk, amongst other things, alleged that there was not sufficient funds or money in his hands derived from the levy to create the special County Courthouse and Jail Fund with which to pay the warrant. There was a motion to strike certain parts of the return and a demurrer to the return. The demurrer admits as true the allegations above referred to.
 

 The fact that there is not sufficient money in the hands of the Clerk in the fund upon which the warrant is drawn
 
 *1512
 
 and from which it was to have been paid is a sufficient answer and return to the writ. The demurrer admitting this allegation to be true, the alternative writ should be quashed and it is so ordered.
 

 Alternative writ quashed.
 

 Whitfield, P. J., and Strum, J., concur.
 

 Terrell, C. J.,and Ellis- and Brown, J. J., concur in the opinion and judgment.